MAYWOOD LAND COMPANY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF MAYWOOD, AND H. V. JUDKINS, JOSEPH M. HART AND WILLIAM J. SINNIGER, COMMISSIONERS OF ASSESSMENT FOR SAID BOROUGH, RESPONDENTS.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *L. Edward Herrman.*

For the respondents, *Walter G. Winne.*

PER CURIAM.

This case comes up on writ of *certiorari* to review an improvement ordinance and an assessment of damages for the cost of the improvement made thereunder.

There are three points made by the prosecutor—first, that the work done was a repair job, and not an improvement; second, that the cost of repairing an existing pavement is not an improvement assessable upon property owners to the extent of the benefit resulting from that repair but is raised by general taxation; third, that the action of the mayor and council in failing to hold a hearing on the report of the commissioners of assessment was arbitrary and illegal.

The work in question consisted of a reconstruction of the pavement of Central avenue in the borough of Maywood. It was a work that was urgently pressed upon the municipality by certain land owners, amongst which was the present prosecutor. The prosecutor, as owner of a large number of lineal feet, is on record, under date of September 22d, 1925,

as writing a letter vigorously urging the improvement. The governing body of the municipality adopted an ordinance which plainly designated the work as an improvement to be entered into jointly by the county of Bergen and the borough of Maywood. Advance notice of the ordinance, which included within its specific terms that the proportion of the borough cost was to be assessed upon the lands and real estate benefited thereby, was given to the prosecutor. The proceedings relating to this work began with a preliminary resolution passed by the borough council, the date of which does not appear but which was prior to May 9th, 1925. Throughout May, June and July the minutes of the borough council show various activities, including the introduction on July 21st, 1925, of the ordinance and the adoption of the ordinance August 4th, 1925. The work was undertaken in due course and was completed in December, 1925. Not until after the work was completed and it was therefore beyond the power of the governing body to change the character of the improvement or the ordinance method of paying for the same, did the prosecutor make any objection to the proposed method of paying the cost by assessment on the owners benefited. The commissioners of assessment made a report that was not accepted by the borough council and which, by order of the borough council, was referred back to the assessment commission. Thereafter a revised report was received from the assessment commission and, after a hearing, was adopted and confirmed September 7th, 1926. Writ of *certiorari* issued October 4th, 1926, but, for reasons that do not appear, was not moved for argument until May term, 1929. Counsel for respondents, amongst other contentions, protests that the intervening of six terms of court constitutes laches and should, other reasons failing, defeat the prosecutor in the present prosecution of the writ.

Whether the job in question was a repair job and therefore under the law to be paid for from the general funds of the borough, or an improvement and therefore susceptible of payment by assessment on benefited owners, is a question of fact which the Supreme Court should not be called upon to deter-

mine on depositions taken under a writ of *certiorari*. The prosecutor, under the Home Rule act (*Pamph. L.* 1925, *ch.* 71, *p.* 237, § 5), was given a remedy by appeal to the Circuit Court. If the prosecutor considered that the assessment laid upon it was unfair, it should have resorted to that remedy before resorting to a writ of *certiorari*. *Graham* v. *Ocean City*, 98 *N. J. L.* 426; *MacEvoy* v. *Bergenfield*, 6 *N. J. Mis. R.* 211. We are unwilling, on the facts presented, to reverse the classification of the work as determined by the borough ordinance. The prosecutor, having urged the improvement and induced the borough authorities to make the improvement, one of the conditions being that the cost thereof, so far as the borough was concerned, should be imposed on the adjoining owners, remained silent in its protestation until the work was done and the time had arrived for the assessment to be paid. We think that in that contingency, believing the assessment to be unfair, the prosecutor should have pursued its statutory appeal.

We do not think there was arbitrary or illegal action on the part of the council in failing to hold a hearing on the report of the commissioners of assessment as first rendered. The report was returned to the commissioners for further attention and, when again rendered, was given a hearing, which appears in all respects to have been legal. In disposing of the matter we should say also that in any event the *certiorari* should be dismissed because of the gross laches of the prosecutor who, having full knowledge of the facts and knowing that the work was going on, allowed the borough to expend a considerable sum which the prosecutor knew the borough, as provided for in the ordinance, expected to assess against property specially benefited. It waited until it was assured that all benefits to its property would be derived from the improvement and now seeks to escape its proportion of the cost of the work. That it cannot do. *Burstiner* v. *East Orange*, 4 *N. J. Mis. R.* 280; *affirmed*, 103 *N. J. L.* 174. In addition to the laches thus manifested is the long delay, unexplained, in prosecuting the writ before this court.

The assessment under *certiorari* is affirmed.